**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TYLER ESSEX | : | CIVIL ACTION |
| | : | |
| V. | : | NO. 2:23-cv04952 |
| | : | |
| STARBUCKS COFFEE COMPANY and STARBUCKS CORPORATION and PETROGAS GROUP US, INC. and APPLEGREEN USA WELCOME CENTRES, LLC and JOHN DOE #1-10 (FICTITIOUS) and ABC CORPORATION #1-10(FICTITIOUS) | : : : : : : : | |

**ORDER OF COURT**

**AND NOW**, this _____ day of _____, 2024 upon consideration of Plaintiff's Motion for Remand to State Court Pursuant to 28 U.S.C. § 1447(c) and Plaintiff's supporting brief, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED and this case shall be forthwith remanded to the Court of Common Pleas of Philadelphia County, Pennsylvania for all further action and proceedings at docket number 231001045.

IT IS FURTHER ORDERED that Plaintiff recover against Defendants, Starbucks Coffee Company, Starbucks Corporation, Petrogas Group, US, Inc., and Applegreen USA Welcome Centres, LLC, his costs and actual expenses, including attorney fees incurred as a result of these removal proceedings. Costs to be taxed by the Clerk upon request and expenses to be determined by the court upon further proceeding.

IT IS SO ORDERED.

_____
                                                        J.

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TYLER ESSEX | : | CIVIL ACTION |
| | : | |
| V. | : | NO. 2:23-cv04952 |
| | : | |
| STARBUCKS COFFEE COMPANY and STARBUCKS CORPORATION and PETROGAS GROUP US, INC. and APPLEGREEN USA WELCOME CENTRES, LLC and JOHN DOE #1-10 (FICTITIOUS) and ABC CORPORATION #1-10(FICTITIOUS) | : : : : : : : | |

**PLAINTIFF, TYLER ESSEX'S MOTION TO REMAND TO STATE COURT PURSUANT TO 28 U.S.C. § 1447(c)**

Plaintiff, Tyler Essex, by and through undersigned counsel, files this Motion for Remand to State Court, and requests that this Honorable Court remand this action back to the Court of Common Pleas of Philadelphia County, Pennsylvania and it support thereof states as follows:

1.  On October 10, 2023, Plaintiff, Tyler Essex initiated the present action by way of Complaint in the Court of Common Pleas of Philadelphia County, docket No.: 231001045.

2.  The instant matter is a products liability action which sets forth claims of negligence against Defendants arising from an incident in which Mr. Essex was severely burned by Starbucks coffee that was served to him in a defective cup at a dangerously high temperature.

3.  The incident occurred at Starbucks located at the Hickory Run Service Plaza in Jim Thorpe, Pennsylvania.

4.  An Amended Complaint was filed on November 7, 2023 to include Defendants, Petrogas Group, US, Inc. (hereinafter, "Petrogas") and Applegreen USA Welcome Centres, LLC (hereinafter, "Applegreen"). It is believed and therefore averred that Petrogas and Applegreen own, control, maintain, or are otherwise responsible for the Starbucks located at the Hickory Run

Service Plaza. A true and correct copy of Plaintiff's Amended Complaint is attached hereto as **Exhibit "A"**.

5. Service was made upon Applegreen on November 14, 2023 and Petrogas on November 16, 2023.

6. On December 15, 2023, Defendants, Petrogas and Applegreen, removed this action to federal court at the above docket number alleging federal diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

7. In its notice of removal, the Defendants allege federal subject matter jurisdiction exists because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. A true and correct copy of Defendant's Notice of Removal is attached hereto as **Exhibit "B"**.

8. Defendants notice of removal makes the argument that all Defendants cannot be considered citizens of Pennsylvania merely because Plaintiff did not serve Defendants in Pennsylvania. See Exhibit "B" at ¶ 5-8.

9. Plaintiff's Complaint does not make any statements regarding Defendant's citizenship, it only states where Defendants have offices.

10. Starbucks Coffee Company is an incorporated entity that was formed in Pennsylvania with registered offices in Seattle, Washington. Pennsylvania Department of State Records are attached hereto as **Exhibit "C"**.

11. Contrary to Defendant's Notice of Removal, Applegreen is an LLC and *not* a New Jersey corporation. The Pennsylvania Department of State lists Applegreen USA Welcome Centres, LLC as a Delaware Limited Liability Company with a registered office in Dauphin County, PA. Therefore, citizenship of Applegreen is determined by the citizenship of its members.

See Exhibit "C".

12. Defendants do not attach any exhibits to verify their baseless allegation that neither Starbucks Coffee Company, Starbucks Corporation, Petrogas, nor Applegreen can be considered citizens of Pennsylvania.

13. According to the Pennsylvania Department of State, Defendant, Starbucks Coffee Company can be considered citizens of Pennsylvania, thus destroying diversity of citizenship and federal subject matter jurisdiction; in addition, Defendants have failed to meet their burden of showing diversity as they did not provide any information regarding Starbucks' citizenship and citizenship of Applegreen's LLC members.

14. 28 U.S.C. §§ 1332 states as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
>
> (1) Citizens of different States;

15. "A corporation's citizenship derives, for diversity jurisdiction purposes, from its State of incorporation and principal place of business." Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303(2006) (citing: 28 U.S.C. § 1332(c)(1)).

16. Unincorporated entities, such as LLCs must prove all members are diverse from opposing parties in order to evoke diversity jurisdiction:

> But unlike corporations, unincorporated associations such as partnerships "are not considered 'citizens' as that term is used in the diversity statute." Instead, "the citizenship of partnerships and other unincorporated associations is determined by the citizenship of [their] partners or members." The state of organization and the principal place of business of an unincorporated association are legally irrelevant. **"Accordingly, the citizenship of an LLC is determined by the citizenship of its members."** For complete diversity to exist, all of the LLC's members "must be diverse from all parties on the opposing side."

    Lincoln Benefit Life Co. v. AEI Life, LLC, 600 F.3d 99, 104-05 (3d
    Cir. 2015) (emphasis supplied).

17. Plaintiff, Tyler Essex, resides in Dunmore, Pennsylvania, he is a citizen of Pennsylvania.

18. As a result of Defendants' failure to state the citizenship of Applegreen's LLC members, Plaintiff is unaware whether Applegreen is a citizen of Pennsylvania.

19. According to the Pennsylvania Department of State's website, Starbucks Coffee Company is an entity that was formed in Pennsylvania in 1995. See Exhibit "C".

20. Hence, for diversity jurisdiction purposes, Starbucks Coffee Company is considered a citizen of Pennsylvania.

21. Starbucks Coffee Company owns, controls, and is otherwise responsible for the Starbucks located at the Hickory Run Service Plaza; Defendants have not alleged Starbucks Coffee Company was fraudulently joined.

22. Because Plaintiff and Starbucks Coffee Company are citizens of Pennsylvania for diversity purposes, complete diversity is destroyed and this court lacks subject matter jurisdiction over the instant action.

23. Additionally, this case should be remanded to state court due to Defendants' failure to plead facts sufficient to show complete diversity of citizenship in their Notice of Removal.

24. The party asserting federal jurisdiction has the burden of establishing the factual bases for jurisdiction. Id.

25. "In an original action, the plaintiff must set forth the facts showing jurisdiction. In an action removed from state court, the removing defendant must aver facts demonstrating that federal jurisdiction exists." Law Offices of Conrad J. Benedetto v. Admiral Ins. Co., 2020 U.S. Dist. LEXIS 217089 (Pa. E.D. 2020) (citing; Dart Cherokee Basin Operating Co., LLC v. Owens,

574 U.S. 81 (2014)).

26. The removing defendant must plead facts showing that the parties are citizens of different states. In re Lipitor Antitrust Litig., 855 F.3d 125 at 150-51 (3d Cir. 2017).

27. An unincorporated entity *must* allege the citizenship of its members in its notice of removal. Id. (citing Lincoln Benefit Life Co., 600 F.3d 99).

28. Mere statements concluding that citizenship is diverse are insufficient. Admiral Ins. Co., 2020 U.S. Dist. LEXIS 217089 (citing Dart Cherokee, 574 U.S. 81 & Lincoln Benefit Life Co., 600 F.3d 99).

29. Plaintiff's Complaint does not establish Defendants' citizenship, thus, Petrogas and Applegreen had the obligation to plead sufficient facts necessary to establish complete diversity of citizenship and they failed to do so.

30. This matter must be remanded to the Court of Common Pleas of Philadelphia County as this case involves only state law claims and there is no federal diversity jurisdiction.

31. Pursuant to 28 U.S.C. § 1447(c), Plaintiff hereby seeks remand of this action back to the Court of Common Pleas of Philadelphia County, Pennsylvania because Plaintiff's claims are under state law, federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) does not apply to this matter.

**WHEREFORE**, the Plaintiff, Tyler Essex, respectfully requests that this Honorable Court enter an Order remanding this matter back to the Court of Common Pleas of Philadelphia County, Pennsylvania.

                                          Respectfully Submitted,

                                          FINE STAUD & LEVY LLC

                                BY: *Theodore C. Levy*
                                          THEODORE C. LEVY, ESQUIRE
                                          Attorney I.D.: 311794
                                          1333 Race Street
                                          Philadelphia, PA 19107-1585
                                          TEL: (215) 665-0100
                                          FAX: (267) 710-7004
                                          tlevy@fineandstaud.com

Date: 1/12/24                                  Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TYLER ESSEX | : | CIVIL ACTION |
| | : | |
| V. | : | NO. 2:23-cv04952 |
| | : | |
| STARBUCKS COFFEE COMPANY and STARBUCKS CORPORATION and PETROGAS GROUP US, INC. and APPLEGREEN USA WELCOME CENTRES, LLC and JOHN DOE #1-10 (FICTITIOUS) and ABC CORPORATION #1-10(FICTITIOUS) | : : : : : : : | |

**BRIEF IN SUPPORT OF PLAINTIFF, TYLER ESSEX'S MOTION TO REMAND TO STATE COURT PURSUANT TO 28 U.S.C. § 1447(c)**

Plaintiff, Tyler Essex, by and through his undersigned attorney, files this Brief in support of Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447(c).

**INTRODUCTION AND SUMMARY OF ARGUMENT**

On September 8, 2023, Tyler Essex arrived at Hickory Run Service Plaza with his brother, Brandon Essex. Brandon went inside the service plaza and purchased Tyler a hot coffee with cream from Starbucks. The Starbucks employees filled the cup to the rim with hot coffee to the point where the cup was overflowing and the lid was unable to attach to the cup. The employees handed Brandon a second cup with coffee creamer in it. Tyler was sitting in the car when Brandon handed the cup of coffee and cream. As Tyler was holding the cup, the lid popped off and caused the cup to overflow. The coffee was so hot that the overflow burned Tyler's hand and the pain caused him to drop the entire cup of coffee on his lap. The coffee was so hot it caused Plaintiff to suffer second degree burns.

On October 10, 2023, Plaintiff, Tyler Essex initiated the present action by way of Complaint in the Court of Common Pleas of Philadelphia County, docket No.: 231001045. The Complaint brings claims of negligence against Defendants. An Amended Complaint was filed on November 7, 2023 to include Defendants, Petrogas Group, US, Inc. (hereinafter, "Petrogas") and Applegreen USA Welcome Centres, LLC (hereinafter, "Applegreen"). It is believed and therefore averred that Petrogas and Applegreen own, control, maintain, or are otherwise responsible for the Starbucks located at the Hickory Run Service Plaza. A true and correct copy of Plaintiff's Amended Complaint is attached hereto as **Exhibit "A"**.

Service was made upon Applegreen on November 14, 2023 and Petrogas on November 16, 2023. On December 15, 2023, Defendants, Petrogas and Applegreen, removed this action to federal court at the above docket number alleging federal diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In its notice of removal, the Defendants allege federal subject matter jurisdiction exists because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. A true and correct copy of Defendant's Notice of Removal is attached hereto as **Exhibit "B"**. Defendants notice of removal makes the argument that all Defendants cannot be considered citizens of Pennsylvania merely because Plaintiff did not serve Defendants in Pennsylvania. See Exhibit "B" at ¶ 5-8. Defendant's Notice of Removal is deficient as it does not sufficiently allege each Defendant is diverse from Plaintiff and contains incorrect statements that Starbucks Coffee Company is not a citizen of Pennsylvania. Defendants do not attach any exhibits to verify their baseless allegation that neither Starbucks Coffee Company, Starbucks Corporation, Petrogas, nor Applegreen can be considered citizens of Pennsylvania.

Plaintiff's Complaint does not make any statements regarding Defendant's citizenship, it merely states where Defendants have offices. Starbucks Coffee Company is an entity that was formed in Pennsylvania with registered offices in Seattle, Washington. Pennsylvania Department of State Records are attached hereto as **Exhibit "C"**. Contrary to Defendant's Notice of Removal, Applegreen is an LLC and *not* a New Jersey corporation. The Pennsylvania Department of State lists Applegreen USA Welcome Centres, LLC as a Delaware Limited Liability Company with a registered office in Dauphin County, PA. Therefore, citizenship of Applegreen is determined by the citizenship of its members. See Exhibit "C".

According to the Pennsylvania Department of State, Defendant, Starbucks Coffee Company can be considered citizens of Pennsylvania, thus destroying diversity of citizenship and federal subject matter jurisdiction; in addition, Defendants have failed to meet their burden of showing diversity as they did not provide any information regarding Starbucks' citizenship and citizenship of Applegreen's LLC members.

## STANDARD OF REVIEW

It is well settled that "[t]he removing party . . . carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court." Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009). "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." Id. Federal Courts are of limited jurisdiction and "in order to carry out congressional intent to limit jurisdiction and diversity cases, doubts must be resolved in favor of remand." Samuel-Bassett v. Kia Motors America, 357 F.3d 392 (3d Cir. 2004).

**ARGUMENT**

A. **THE COURT SHOULD REMAND THIS MATTER ABECAUSE COMPLETE DIVERSITY DOES NOT EXIST BETWEEN PLAINTIFF AND DEFENDANTS**

28 U.S.C. §§ 1332 states as follows:

> (b) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
>
> (2) Citizens of different States;

"A corporation's citizenship derives, for diversity jurisdiction purposes, from its State of incorporation and principal place of business." Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303(2006) (citing: 28 U.S.C. § 1332(c)(1)). Unlike corporations, unincorporated entities, such as LLCs must prove all LLC members are diverse from opposing parties in order to evoke diversity jurisdiction:

> But unlike corporations, unincorporated associations such as partnerships "are not considered 'citizens' as that term is used in the diversity statute." Instead, "the citizenship of partnerships and other unincorporated associations is determined by the citizenship of [their] partners or members." The state of organization and the principal place of business of an unincorporated association are legally irrelevant. **"Accordingly, the citizenship of an LLC is determined by the citizenship of its members."** For complete diversity to exist, all of the LLC's members "must be diverse from all parties on the opposing side." Lincoln Benefit Life Co. v. AEI Life, LLC, 600 F.3d 99, 104-05 (3d Cir. 2015) (emphasis supplied).

Plaintiff, Tyler Essex, resides in Dunmore, Pennsylvania, he is a citizen of Pennsylvania. As a result of Defendants' failure to state the citizenship of Applegreen's LLC members, Plaintiff is unaware whether Applegreen is a citizen of Pennsylvania. According to the Pennsylvania Department of State's website, Starbucks Coffee Company is an entity that was formed in

Pennsylvania in 1995. See Exhibit "C". Hence, for diversity jurisdiction purposes, Starbucks Coffee Company is considered a citizen of Pennsylvania. Starbucks Coffee Company owns, controls, and is otherwise responsible for the Starbucks located at the Hickory Run Service Plaza; Defendants have not alleged Starbucks Coffee Company was fraudulently joined.

Because Plaintiff and Starbucks Coffee Company are citizens of Pennsylvania for diversity purposes, complete diversity is destroyed and this court lacks subject matter jurisdiction over the instant action.

      **B.**    **THE COURT SHOULD REMAND THIS MATTER BECAUSE DEFENDANTS' NOTICE OF REMOVAL DOES NOT ADEQUATELY SATISFY THEIR OBLIGATION TO SHOW A FACTUAL BASES FOR DIVERSITY**

The party asserting federal jurisdiction bears the burden of establishing the factual bases for jurisdiction. Lincoln Benefit Life Co., 600 F.3d 99, 104-05. "In an original action, the plaintiff must set forth the facts showing jurisdiction. In an action removed from state court, the removing defendant must aver facts demonstrating that federal jurisdiction exists." Law Offices of Conrad J. Benedetto v. Admiral Ins. Co., 2020 U.S. Dist. LEXIS 217089 (Pa. E.D. 2020) (citing; Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81 (2014)). The removing defendant must plead facts showing that the parties are citizens of different states. In re Lipitor Antitrust Litig., 855 F.3d 125 at 150-51 (3d Cir. 2017).

An unincorporated entity *must* allege the citizenship of its members in its notice of removal. Id. (citing Lincoln Benefit Life Co., 600 F.3d 99). **Mere statements concluding that citizenship is diverse are insufficient.** Admiral Ins. Co., 2020 U.S. Dist. LEXIS 217089 (citing Dart Cherokee, 574 U.S. 81 & Lincoln Benefit Life Co., 600 F.3d 99).

Plaintiff's Complaint does not establish Defendants' citizenship, thus, Petrogas and Applegreen had the obligation to plead sufficient facts necessary to establish complete diversity of citizenship. Defendants Notic of Removal states the following in regard to diversity of citizenship:

> 5. Based on the averments in the Amended Complaint, Plaintiff is a citizen of the Commonwealth of Pennsylvania residing at 206 East Warren Street, Dunmore, Pennsylvania.
>
> 6. Defendant, Starbucks Corporation d/b/s, Starbucks Coffee Company, is a Washington Corporation with its principle place of business if Seattle Washington.
>
> 7. Defendantm Petrogas, is a New York Corporation with its principle place of business in Plainview, New York.
>
> 8. Defendant, Applegreen, is a New Jersey Corporation with its principle place of business in Ewing New Jersey.
>
> See Exhibit "B".

Defendant, Applegreen, is an LLC and not a corporation, therefore, Applegreen would need to provide evidence of the citizenship of its members. Additionally, Defendant has not provided any evidence of Petrogas' and Starbucks' citizenship other than a mere statement. This is not enough to show diversity as federal courts have traditionally placed a strict burden upon the removing party to prove there is diversity and subject matter jurisdiction.

### III. CONCLUSION

This matter must be remanded to the Court of Common Pleas of Philadelphia County as this case involves only state law claims and there is no federal diversity jurisdiction. Pursuant to 28 U.S.C. § 1447(c), Plaintiff hereby seeks remand of this action back to the Court of Common

Pleas of Philadelphia County, Pennsylvania because Plaintiff's claims are under state law, federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) does not apply to this matter.

                                                Respectfully Submitted,

                                                FINE STAUD & LEVY LLC

                                     BY: _/s/ Theodore C. Levy_____
                                                THEODORE C. LEVY, ESQUIRE
                                                Attorney I.D. No. 311794
                                                1333 Race Street
                                                Philadelphia, PA 19107
                                                Phone: 215-665-0100
                                                Fax: 267-710-7004
                                                tlevy@fineandstaud.com
                                                Attorney for Plaintiff

DATE: 1/12/24

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2024, this Motion to Remand was filed in the Electronic Filing Notification System, allowing counsel of record to receive a copy.

Bradley D. Remick, Esquire
Marshall Dennehey, P.C.
2000 Market Street
Philadelphia, PA 19103

David G. Volk, Esquire
Cipriani & Werner, P.C.
450 Sentry Parkway, Suite 200
Blue Bell, PA 19422

FINE STAUD & LEVY LLC

BY: *Theodore C. Levy*
THEODORE C. LEVY, ESQUIRE
Attorney I.D. No. 311794
1333 Race Street
Philadelphia, PA 19107
Phone: 215-665-0100
Fax: 267-710-7004
tlevy@fineandstaud.com
Attorney for Plaintiff

DATE: 1/12/24