IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYLER ESSEX,<br><br>　　　　　*Plaintiff,*<br><br>　　v.<br><br>STARBUCKS COFFEE COMPANY, et al.,<br><br>　　　　　*Defendants.* | CIVIL ACTION<br>NO. 23-4952 |

# ORDER

**AND NOW**, this 22nd day of February 2024, upon consideration of Tyler Essex's Motion to Remand (ECF No. 10) and Defendants' Responses (ECF Nos. 13 & 16), it is hereby **ORDERED** that the Motion is **GRANTED**.[1]

---

[1]　In his Amended Complaint, Tyler Essex, a Pennsylvania citizen, sued Starbucks Corporation doing business as Starbucks Coffee Company, Petrogas Group, Inc. and Applegreen USA Welcome Centres, asserting negligence claims arising from spilled hot coffee. Defendants removed the action to this Court on diversity grounds, and Essex now seeks to remand for improper removal. In his Motion to Remand, Essex argues, *inter alia*, Defendants failed to meet their burden to show complete diversity of citizenship.

　　A removing party bears the burden of demonstrating the district court's jurisdiction. *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014). The Court must remand an action to state court if it appears the district court lacks jurisdiction any time prior to the final judgment. 28 U.S.C. §1447(c). Courts must "strictly" construe removal and "all doubts should be resolved in favor of remand." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 110 (3d Cir. 1990) (internal quotation marks omitted).

　　Removal is proper under 28 U.S.C. § 1441(a) when the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A natural person's citizenship is determined by their domicile, while a corporation is a citizen of both the state in which it is incorporated and where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). The citizenship of unincorporated entities, such as LLCs, is determined by their members' citizenship. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). "For complete diversity to exist, all of the LLC's members must be diverse from all parties on the opposing side." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 & n.16 (3d Cir. 2015).

　　Starbucks and Petrogas—both corporations—have Washington and New York citizenship, respectively, based on their states of incorporation and principal places of business. (Not. of Removal ¶¶ 5–7, ECF No. 1). Applegreen's citizenship, however, remains unclear.

      The Clerk of Court shall **REMAND** this matter to the Philadelphia County Court of Common Pleas and mark this case as **CLOSED**.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

      In Defendants' Notice of Removal, Applegreen was described as a New Jersey corporation with its principal place of business also in New Jersey. (Not. of Removal ¶ 8). In his Motion to Remand, Essex claimed Applegreen is a Delaware LLC with a registered office in Pennsylvania. (Mot. to Remand, p. 10, ECF No. 10). Defendants' response to Essex's Motion recasts Applegreen as an LLC and states its members—Blackstone Infrastructure Partners and Applegreen US Welcome Centers—are citizens of New Jersey and Ireland, respectively. (Petrogas & Applegreen Resp. to Mot. to Remand, p. 3, ECF No. 16–1).

      "On a challenge to allegations of jurisdictional facts, that party [seeking to invoke jurisdiction] must support those allegations by competent proof." 15A James Wm. Moore et al., *Moore's Federal Practice,* § 102.14 (Matthew Bender 3d ed. 2023). Defendants have not provided sufficient evidence of Applegreen's citizenship to demonstrate complete diversity.

      For one, Defendants fail to account for the description of Applegreen as a corporation, not an LLC, in its Notice of Removal. Second, Defendants claim that one of Applegreen USA Welcome Centres' members is "Applegreen US Welcome Centers, part of Applegreen['s] parent company." (Petrogas & Applegreen Resp. to Mot. to Remand, p. 3). This vague description leaves open questions about the relationship between Applegreen USA Welcome Centres and Applegreen US Welcome Centers, insofar as they are distinct entities. Third—and most importantly here—Defendants do not provide support for their claims of Applegreen's citizenship; instead, they list the addresses of Blackstone Infrastructure Partners and Applegreen US Welcome Centers, attach some of the prior case filings as exhibits, and cursorily argue they have established diversity. *Compare Okulski v. Carvana, LLC*, No. 20-1328, 2020 U.S. Dist. LEXIS 120442, at *3 n.2 (E.D. Pa. July 9, 2020) (holding defendants met their burden for establishing complete diversity, while considering a declaration from the LLC's associate general counsel detailing the LLC's organization and its members' citizenships and noting "courts routinely look to declarations to evaluate diversity jurisdiction.") (collecting cases).